# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY RAE HAMM, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-17-323-BMJ |
| NANCY A. BERRYHILL,<br>Acting Commissioner of<br>Social Security Administration, | ) ) ) ) ) |
|     Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Kelly Rae Hamm, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 9], and both parties have briefed their respective positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.**    **Procedural Background**

On January 28, 2013, Plaintiff protectively filed an application for disability insurance benefits (DIB). *See* AR 18. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 95, 104. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated January 28, 2016. AR 13-36. The Appeals Council

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

denied Plaintiff's request for review. AR 1-7. Thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff seeks judicial review of this final agency decision.

**II.     The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since March 9, 2011, the amended alleged onset date. AR 18.

At step two, the ALJ determined Plaintiff suffered from the severe impairments of Chiari malformation, pseudo tumor cerebri, bilateral optic nerve drusen, shopping cart syndrome, headaches, hypertension, degenerative disc disease, systemic lupus erythematosus, and fibromyalgia with fatigue. AR 18-20.[2] At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 20-22.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except: lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently; stand and walk for 2 out of 8 hours; sit for 6 hours of an 8 hour day; no climbing ladders, ropes, or scaffolds; no balancing; occasional climb stairs and ramps; occasional kneel, crouch, crawl and stoop; no unprotected heights, no hazardous unprotected machinery; and no commercial driving.

AR 22-29. Relying on the testimony of a vocational expert (VE), the ALJ determined Plaintiff was able to perform past relevant work as a receptionist and as an automobile service

---

[2] The ALJ also found Plaintiff had non-severe impairments of affective disorder and anxiety disorder. AR 18-20.

cashier/secretary. AR 29. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 30.

### III. Issues Presented for Judicial Review

Plaintiff contends the ALJ erred in her credibility analysis and in weighing the opinions of three of Plaintiff's treating physicians. The Court finds the ALJ erred in her credibility analysis and reverses and remands on that basis. The Court does not reach the merits of the remaining issue.

### IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V. Analysis

### A. The ALJ Erred in the Credibility Analysis

Plaintiff takes issue with the ALJ's credibility analysis. Particularly, Plaintiff argues the ALJ mischaracterized the evidence with regard to Plaintiff's ability to perform activities of daily living, thus the credibility determination is not supported by substantial evidence. The Court agrees and reverses and remands the matter for further proceedings.

The Court will not disturb an ALJ's credibility findings if they are supported by substantial evidence because "[c]redibility determinations are peculiarly the province of the finder of fact." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (*citing Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). Credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id*. (*citing Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir.1988) (footnote omitted)). The ALJ may consider a number of factors in assessing a claimant's credibility, including "the levels of medication and their effectiveness, the extensiveness of the attempts . . . to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

Plaintiff contends the ALJ erred in considering the following activities of daily living, on which she relied in making her credibility determination:

> [Plaintiff] lives in Shawnee but travels to Oklahoma City and Edmond for physician appointments. She has a driver's license and drives twice a week. She is a passenger in a car four times a week. She has access to a computer – she goes to her mother-in-law's house to use the computer. She visits friends and friends visit her. She has a cell phone with internet access. She downloads apps for

4

> her son on her phone. She uses email and Facebook. She takes care
> of her son and she takes care of her dog.

AR 23. The ALJ also reasoned that Plaintiff "said she was not supposed to use her hands or fingers, yet she did so when she cleaned house." AR 23. The ALJ mischaracterized the true nature of her ability to perform these activities.

The ALJ relied on the fact that Plaintiff was a stay-at-home mom and cared for her son. Plaintiff, however, testified that she has to have "a lot of help" in caring for her son. AR 69. Plaintiff's mother, in-laws, or husband have to come to help with her son if she has a bad headache or a lupus flare-up. AR 69. When she has a bad headache, Plaintiff testified she "can't do anything" and has "to lay perfectly still." AR 72. Although the ALJ generally referenced the help she received from her family in caring for her son, the ALJ did not tie the receipt of such help to her inability to take care of him due to her health conditions.[3]

The ALJ also listed Plaintiff's driving and travelling to out-of-town medical appointments as reasons to reject Dr. Farris' opinion. The Commissioner admits traveling to medical appointments was an improper consideration. Def.'s Br. 16-17. With regard to driving, the ALJ did not reference Plaintiff's testimony that she is unable to drive at night because she sees double. AR 70. Plaintiff further testified she does not drive very often and she usually has her mom drive her if the trip is farther than a few minutes. AR 76.[4]

---

[3] This omission is particularly relevant with regard to Plaintiff's second point of error because the ALJ used Plaintiff's ability to care for her son to discredit the opinion of a treating physician who, after noting Plaintiff's migraine headaches, determined Plaintiff would need absences from work due to bad days and unscheduled breaks. AR 677-679.

[4] It is also unclear why the ALJ used Plaintiff's ability to drive as a reason to discredit her testimony when the ALJ included a restriction on commercial driving in the RFC. AR 22.

5

Plaintiff's access to a computer at her mother-in-law's house and the fact that she uses a cell phone was also considered by the ALJ when assessing Plaintiff's credibility. But Plaintiff only testified that while she occasionally uses a computer at her mother-in-law's house, she usually does not use a computer because it makes her head hurt. AR 54. Plaintiff also testified that she does not use her cell phone very often. AR 55. These limitations were not referenced by the ALJ in the decision.[5]

The ALJ also relied on Plaintiff's ability to clean the house to refute Plaintiff's credibility regarding the use of her hands and fingers. Plaintiff, testified that while she grasped items when she cleans the house, she has to stop after five minutes due to pain. AR 75.[6]

The ALJ's analysis is similar to that in *Krauser v. Astrue*, 638 F.3d 1324 (10th Cir. 2011). In *Krauser*, the ALJ stated that in a typical day, the claimant exercised, did yard work, helped with housework, and did his own laundry. *Id.* at 1332. The court noted that the record showed that she actually only could perform those activities sporadically, for a few minutes at a time, and could not perform some aspects of housework. *Id.* at 1332-33. The court determined that on remand,

---

[5] To the extent the ALJ considered these activities to be indicative of her allegations of pain, such consideration was improper. *See, e.g., Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004) (finding watching television to be a minimal activity which an ALJ cannot rely to find a claimant does not suffer debilitating pain); *Schuchman v. Astrue*, No. CIV-11-1168-D, 2012 WL 5988642, at *4 (W.D. Okla. Oct. 26, 2012), *report and recommendation adopted*, No. CIV-11-1168-D, 2012 WL 5987852 (W.D. Okla. Nov. 29, 2012) (finding the ALJ improperly relied on limited activities, including spending time on the phone with family, getting on the computer, and shopping once per week).

[6] The Commissioner contends that there is no medical evidence supporting Plaintiff's inability to use her hands or fingers. Def.'s Br. 16. The ALJ, however, noted that Plaintiff tied her limitation to lupus, AR 23, a condition the ALJ found to be a severe impairment. AR 18 (listing "systemic lupus erythematosus" as a severe impairment). Further, the ALJ did not list the lack of medical evidence as a reason for discrediting Plaintiff's claimed inability to use her hands and fingers. "[C]ourt[s] may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007).

"the ALJ should keep in mind that 'sporadic performance of household tasks or work does not establish that a person is capable of engaging in substantial gainful activity.'" *Id.* (*citing Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993)); *see also Sitsler v. Astrue*, 410 F. App'x 112, 117 (10th Cir. 2011) (unpublished) (noting the ALJ's findings did not include the limitations the claimant reported or testified about and stated "we have criticized this form of selective and misleading evidentiary review, holding that an ALJ cannot use mischaracterizations of a claimant's activities to discredit his claims of disabling limitations"). After analyzing the function reports and testimony, it is clear that Plaintiff's reporting of daily activities are more restricted than alluded to in the decision. What is left is sporadic performance of household tasks,[7] which is not sufficient to support a credibility decision by itself. *Krauser*, 638 F.3d at 1332-33.

Because the ALJ did not adequately address Plaintiff's activities of daily living, the Court reverses and remands this matter for further proceedings.

### B. The Court Does Not Reach Plaintiff's Remaining Points of Error

Plaintiff further argues the ALJ improperly weighed the opinions of three treating physicians. The Court notes that Plaintiff's argument is partially based on the ALJ discrediting the opinions based on Plaintiff's ability to perform activities of daily living. Therefore, "after a proper evaluation of Plaintiff's credibility on remand, the ALJ may be required to reweigh [the treating physicians'] medical opinion[s] based on the relevant factors. *Sitsler*, 410 F. App'x at 119; *see also Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (finding the court need

---

[7] The Commissioner admits that Plaintiff's activities of daily living are "non-strenuous." Def.'s Br. 17. Thus, Plaintiff's activities of daily living are akin to household tasks.

7

not reach the merits of claims that "may be affected by the ALJ's treatment of the case on remand").[8]

## VI. Conclusion

For the reasons set forth, the Court reverses the decision of the Commissioner and remands the matter for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 9th day of February, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

---

[8] The Court also notes that Plaintiff took issue with the fact the ALJ found the the treating physicians' opinions were inconsistent with the opinions of the state agency reviewing physicians as a reason for assigning the opinions little weight. AR 26-28. The ALJ, however, "assigned no weight" to the state agency reviewing physicians as they related to Plaintiff's physical impairments. AR 28. The ALJ is reminded that when a treating physician's opinion is rejected, the ALJ must "articulate specific, legitimate reasons for his decision." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).